# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| DEVIN DEMOND CARL, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 21-00329-CG-N |
| ) | |
| WARDEN OLIVER *et al.*, ) | |
|     Defendants. ) | |

## REPORT AND RECOMMENDATION

Plaintiff Devin Demond Carl, an Alabama inmate proceeding *pro se*, filed the instant action pursuant to 42 U.S.C. § 1983 (Doc. 1). The District Judge assigned to this case referred this action to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R) for appropriate resolution. (*See* 7/23/2021 electronic reference). Plaintiff failed to prosecute and to comply with the Court's Order dated August 13, 2021. (Doc. 3). Accordingly, the undersigned **RECOMMENDS** that this action be **DISMISSED without prejudice**.

On August 13, 2021, the Court issued an Order directing Plaintiff to pay the filing fee in the amount of $18.13 by September 3, 2021 (Doc. 3). This order was returned to the Court as undeliverable. The Court's search of Plaintiff's name and AIS number in ADOC's directory of inmates[1] and Mobile Metro's "Who's in Jail" registry[2] revealed no results. Further, Plaintiff has not responded to the Court's Order.

---

[1] http://www.doc.state.al.us/inmatesearch (last accessed September 21, 2021)

[2] http://www.mobileso.com/whos-in-jail/ (last accessed September 21, 2021)

The Court cautioned Plaintiff that his failure to comply with the Court's order and failure to update his address would result in a recommendation that this action be dismissed. (*See* Doc. 3, PageID.25). Due to Plaintiff's disregard for this warning, the Court construes Plaintiff's failure to provide an updated mailing address and lack of a response as indications that he is no longer interested in proceeding with this action.

As a consequence of Plaintiff's failure to comply with the Court's Order and to prosecute this action, and upon consideration of the alternatives that are available to the Court, the undersigned **RECOMMENDS** that this action be **DISMISSED without prejudice** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure as no other lesser sanction will suffice. *Link v. Wabash R. R.*, 370 U.S. 626, 630 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss sua sponte an action for lack of prosecution); *World Thrust Films, Inc. v. International Family Entertainment, Inc.*, 41 F.3d 1454, 1456–57 (11th Cir. 1995); *Mingo v. Sugar Cane Growers Co-op*, 864 F.2d 101, 102 (11th Cir. 1989); *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985); *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983); *accord Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991) (ruling that federal courts' inherent power to manage their own proceedings authorized the imposition of attorney's fees and related expenses as a sanction); *Malautea v. Suzuki Motor Co.*, 987 F.2d 1536, 1545-46 (11th Cir.) (finding that the court's inherent power to manage actions before it permitted the imposition of fines), *cert. denied*, 510 U.S. 863 (1993).

The Clerk is **DIRECTED** to mail a copy of this Order to the Plaintiff's last

known address at Mobile Metro County Jail, P.O. Box 104, Mobile, AL 36601.

**DONE** this the 21st day of September 2021.

/s/ *Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

## **NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.